## FITZGERALD v. BARBOUR.

(Circuit Court of Appeals, Third Circuit. April 25, 1893.)

APPURTENANT EASEMENTS—SUBDIVISION OF LOTS—STREETS—RIGHTS OF ABUTTING OWNER.

> An owner of land between the seashore and an avenue subdivided the land, and established one of the lots as a street leading from the avenue to the water, and conveyed another of them to plaintiff's predecessor in title, by deed which recited that the street in question should be kept open and used only as a street for the benefit of those purchasing lots. Afterwards the executors of the owner conveyed certain of the lots in question, together with the street so dedicated, to defendant's predecessor in title, including the right to erect a bath house upon the seashore in front of such street. *Held*, that the interest conveyed by the executors to defendant's predecessor in title was previously impressed with the easement created by the owner's subdivision and deeds, and that defendant had no right to obstruct the same by building a bath house on any part of the street in question.

Appeal from the Circuit Court of the United States for the District of New Jersey.

In Equity. Suit by S. Rebecca Barbour against Mary A. Fitzgerald (formerly Mary A. Lyddy) to restrain the erection of an obstruction upon a street appurtenant to plaintiff's premises. There was a decree for complainant below. 49 Fed. Rep. 896. Defendant appeals. Modified and affirmed.

R. L. Lawrence and J. D. Bedle, (Babbitt & Lawrence, on the brief,) for appellant.

J. S. Applegate, (Applegate & Hope, on the brief,) for appellee.

Before ACHESON and DALLAS, Circuit Judges, and BUTLER, District Judge.

DALLAS, Circuit Judge. This is an appeal from a final decree in a suit in equity in which the appellee was complainant and the appellant was respondent. In conformity with the prayer of the bill, the appellant was "restrained from erecting or maintaining any bath house or other erection or obstruction in any part of the strip of land called 'Adams Street,' between Ocean avenue and the sea, and that she take down and remove any bath house or other building already erected," etc. The fact that there was erected upon the strip of land called "Adams Street" a structure such as is referred to in the decree, and that it was maintained there by the appellant, was found by the court below upon amply sufficient evidence. The question is as to whether this was rightfully done, or was violative of any right of the appellee. Both parties claim through Benjamin Woolley, who was seised in fee of a tract of land of considerable extent, which he divided into lots for sale. These lots he plotted and numbered on a map upon which lot numbered 18 was laid out as a street called "Adams Avenue," 50 feet in width, extending from Sea Brook (now Ocean) avenue to the sea. Subsequently, in October, 1864, Woolley and wife conveyed, in fee simple, to Edwin Adams, a parcel of the plotted land, described in the deed to Adams as "in corner of a street fifty feet wide, to be kept open and used only as a street for the benefit of those purchasing lots, and is called 'Adams Avenue.'" This parcel of land extended from Sea Brook (Ocean) avenue eastwardly to the sea, and was bounded on its southern line by the northern side of said Adams avenue. The appellee now owns in fee simple, and is in possession of, the easterly one half of the last-mentioned parcel of land, under title sufficiently deduced from Edwin Adams. The title set up by the appellant is derived through L. B. Brown, to whom, by deed made by Woolley's executors after his death, and in pursuance of direction contained in his will, there was conveyed the right, title, interest, and estate which Woolley had in certain lands, including lot No. 18, which was, in fact, the same strip of land as in Woolley's deed to Adams was called "Adams Avenue." Thereupon Brown filed in the office of the clerk of the county a map showing the land so conveyed to him, upon which the strip called "Adams Avenue" is marked "Lot No. 18." The appellant is seised in fee simple of two lots, (9 and 12 on the Brown map,) by virtue of a series of conveyances, all of which, beginning with the deed from Brown, purport to grant, as appurtenant to the lots conveyed, "the right to erect a bath house" upon the shore of the ocean "in front of said fifty feet."

From this brief reference to the title shown by the respective parties it is apparent that any estate or right in or upon the strip of land called "Adams Avenue," which Brown acquired, and transmitted, through mesne conveyances, to the appellant, was, and remains, subject to the easement which Woolley had previously impressed thereon; and that the appellee is entitled to the enjoyment

of that easement, as the successor in title of Adams, grantee of Woolley. This incorporeal hereditament, appurtenant to the appellee's land in common with the other lots plotted and numbered by Woolley, is expressly defined in the grant as "a street fifty feet wide, to be kept open and used only as a street;" and, if an easement thus described could be viewed as a way merely, yet the erection in question would be a wrongful obstruction of it. It may be that it does not completely close the street, but, as the court below rightly found, it is within its limits, and, while the appellee is entitled to the enjoyment of the entire width, the appellant has no right whatever to use any part of it as he has done. But the appellee is entitled to something more than a mere right of passage upon Adams avenue. She is entitled to have that private street "kept open and used only as a street," because, as the purchaser of her lot, she became entitled to all the advantages which attached to it. She is entitled to the light and air and to the more open outlook which the position of her lot upon this street secures to her. No doubt these considerations enhanced the value of the lot, and presumably they increased the price which was paid for it. At least it is beyond question that the appellee has perfect title to support her claim that Adams avenue shall be kept open and be used only as a street, and that the appellant, who has invaded her right, is not in position to question the manner of her enjoyment of it. Story v. Railroad Co., 90 N. Y. 122.

The appellant adduced some evidence to show that the appellee is herself responsible for the presence within the limits of Adams avenue of certain alleged barriers in the nature of fences, which, it is alleged, interfere with the appellant's asserted right of way over that avenue; and it is insisted that the appellee, if at all entitled, should not have been granted relief without requiring her to remove those barriers. The principle of equity thus invoked is not questioned, but the point is not referred to in the opinion of the learned judge of the court below, and the position of the appellant in this regard is not so clearly sustained by the evidence as to call for amendment of the decree in this suit. It is possible that the appellant might be able to make out, in an independent proceeding, a case for relief against the appellee for the quite separate and distinct cause which has been set up here; and, to preclude the possibility of inference that the present decree concludes her in that respect, it will be modified as is stated below. We, however, intimate no opinion upon any question which may arise or be involved in any future proceeding.

The decree of the court below is now modified by adding thereto, at the end thereof, the following:

"This decree is without prejudice to any right of the defendant to proceed as she may be advised against the plaintiff for any alleged interference by her with any right claimed by the defendant in or upon the said Adams avenue, by the erection or maintenance thereon by the plaintiff of any fence or other obstruction."

As thus modified, the decree of the court below is affirmed.